Zakir Mohamed **HOSSAIN, Petitioner,**

v.

Alberto **GONZALES, United States Attorney General, Respondent.**

**No. 06–1063–AG.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2007.

Richard H. Zweig, Law Office of Richard H. Zweig, P.C., New York, NY, for Petitioner.

Kyle G.A. Wallace, Assistant United States Attorney (Lisa Godbey Wood, United States Attorney for the Southern District of Georgia, on the brief), United States Attorney's Office for the Southern District of Georgia, Augusta, GA, for Respondent.

Present: DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, Circuit Judge, JOSEPH F. BIANCO, District Judge.*

### SUMMARY ORDER

Petitioner Zakir Mohamed Hossain ("Hossain"), a native and citizen of Bangladesh, seeks review of a December 9, 2005 order of the BIA affirming, without opinion, the July 21, 2004 decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioner's application for withholding of removal and relief under the Convention

---

* The Honorable Joseph F. Bianco, United States District Court for the Eastern District of New York, sitting by designation.

Against Torture ("CAT"). *In re Hossain, Zakir MD*, No. A96–427–117 (BIA Dec. 9, 2005), *aff'g* No. A96–427–117 (Immig. Ct. N.Y. City July 21, 2004). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

Where (as here) the BIA affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). "When a factual challenge pertains to a credibility finding … we afford 'particular deference' in applying the substantial evidence standard, mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Zhang*, 386 F.3d at 73 (*quoting Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)) (internal citations omitted).

■ Substantial evidence supports the IJ's adverse credibility finding, including Hossain's testimony that, during the period in which he alleges he was being sought by the government for being a "terrorist" and for engaging in anti-government activities: (i) he procured a birth and nationality certificate from government offices which stated that Hossain "was not in-volved in any activity subversive of the State or of discipline"; (ii) he appeared in person at government offices to apply for, and later to pick-up, a Bangladeshi passport; and (iii) the Bangladeshi government granted him a valid passport.

■ Substantial evidence also supports the IJ's finding that Hossain failed to provide detailed, specific and consistent testimony, that he therefore was obliged to adduce corroborative evidence, and that he failed to do so. Where "it is reasonable to expect corroborating evidence … such evidence should be provided or an explanation should be given as to why such information was not presented." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000) (internal quotation marks omitted). The IJ specified corroborative evidence that would admittedly have been reasonably available to Hossain: (i) a statement from his sister corroborating his testimony that in March 2002, the police visited his home and informed his sister that a case had been filed against him for anti-government activities; and (ii) a letter attesting to his membership in the Jatiyo party.

For the reasons set forth above, the petition is hereby **DENIED**. Having completed our review, the pending motion for a stay of removal is **DENIED** as moot.